1  Gregory J. Marshall (#019886)
   Jacob C. Jones (#029971)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona 85004-2202
4  Telephone: 602.382.6000
   Facsimile: 602.382.6070
5  E-Mail: gmarshall@swlaw.com
           jcjones@swlaw.com

6

7  Robert A. Weikert (*Pro Hac Vice Pending*)
   rweikert@nixonpeabody.com
8  Dawn N. Valentine (*Pro Hac Vice Pending*)
   dvalentine@nixonpeabody.com
   NIXON PEABODY LLP
9  One Embarcadero Center
   San Francisco, Arizona 94111-3600
10 Tel: (415) 984-8385
   Fax: (866) 294-8842

11

12 David L. May (*Pro Hac Vice Pending*)
   dmay@nixonpeabody.com
   Jennette E. Wiser (*Pro Hac Vice Pending*)
13 jwiser@nixonpeabody.com
   NIXON PEABODY LLP
14 799 9th Street NW
   Washington, DC 20001-4501
15 Tel: (202) 585-8220
   Fax: (202) 585-8080
16 Attorneys for Plaintiff Pushpay IP Limited

17            IN THE UNITED STATES DISTRICT COURT

18                  FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 19  Pushpay IP Limited, a New Zealand limited company, | No. |
| 20 | **COMPLAINT FOR:** |
| 21          Plaintiff, | |
|     v. | 1) **CYBERSQUATTING UNDER THE U.S. LANHAM ACT;** |
| 22 | |
|    Marcaria.com International, a Delaware | 2) **TRADEMARK INFRINGEMENT AGAINST DOMAIN NAME DEFENDANTS AND REGISTRANT DEFENDANTS UNDER THE U.S. LANHAM ACT;** |
| 23 corporation and domain name registrar; Godaddy.com, LLC, a Delaware limited | |
| 24 liability company and domain name registrar; Go Montenegro Domains, LLC, | |
| 25 an Arizona corporation and domain name Registrar; PUSHPAY.APP, a domain | |
| 26 name; ECHURCH.APP, a domain name; MYCHURCH.APP, a domain name; and | 3) **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION AGAINST DOMAIN NAME DEFENDANTS AND REGISTRANT** |
| 27 Does 1-3, unknown domain name registrants, | |
| 28 | |

| | |
|---|---|
| Defendants. | **DEFENDANTS UNDER THE U.S. LANHAM ACT; AND**<br><br>**4) TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AGAINST DOMAIN NAME DEFENDANTS AND REGISTRANT DEFENDANTS UNDER ARIZONA COMMON LAW**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff Pushpay IP Limited ("**Plaintiff**" or "**Pushpay**"), by its undersigned attorneys, brings this Complaint against Defendant Marcaria.com International, Defendant Godaddy.com, LLC, and Defendant Go Montenegro Domains, LLC (collectively, "**Registrar Defendants**"), Defendant PUSHPAY.APP, Defendant ECHURCH.APP and Defendant MYCHURCH.APP (collectively, "**Domain Name Defendants**") and Defendants Does 1-3, who are the unknown registrants of the Disputed Domain Names (as defined *infra*) (collectively, "**Registrant Defendants**") (Registrar Defendants, Domain Name Defendants and Registrant Defendants are collectively hereinafter referred to as "**Defendants**"), for cybersquatting under the Lanham Act against all Defendants, and trademark infringement, and false designation of origin and unfair competition under the Lanham Act and trademark infringement and unfair competition under Arizona Common Law against Domain Name Defendants and Registrant Defendants.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Pushpay's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c) and 1125(d). In addition, supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have regularly transacted, and continue to transact,

1  business in this State; contract to supply goods and/or services in this State; are causing
2  tortious injury by an act in this State; and/or are causing tortious injury in this State by an
3  act outside this State where they regularly do or solicit business, engage in other persistent
4  courses of conduct and/or derive substantial revenue from goods used or consumed, or
5  services rendered, in this State, by providing the Disputed Doman Names, which are
6  accessible in this State.

7      4.    In the alternative, this Court has *in rem* jurisdiction over the Domain Name
8  Defendants and Registrant Defendants pursuant to § 43(d)(2)(A) of the Trademark Act of
9  1946, 15 U.S.C. §1125(d)(2)(A).  Domain Name Defendants and Registrant Defendants
10 have registered the Disputed Domain Names via a domain name privacy service and
11 through due diligence, Plaintiff has been unable to identify or locate an individual or
12 entity who would have been named as defendant in this action for the acts of Domain
13 Name Defendants and Registrant Defendants.  Under § 43(d)(2)(C)(i) of the Trademark
14 Act, a domain name is deemed to have situs in the judicial district where the domain name
15 Registrar is located.  Upon information and belief, at the very least, Defendant
16 Godaddy.com, LLC, the domain name Registrar of the domain name ECHURCH.APP,
17 and Defendant Go Montenegro Domains, LLC, the domain name Registrar of the domain
18 name MYCHURCH.APP, are located in this State and judicial district.

19     5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because
20 a substantial part of the acts complained of herein occurred in this judicial district and
21 Defendants are subject to personal jurisdiction in this judicial district.

## THE PARTIES

23     6.    Plaintiff Pushpay IP Limited is a New Zealand Limited Company with a
24 principal place of business at Level 6, 167 Victoria Street West, Auckland, New Zealand
25 1010.

26     7.    Upon information and belief, Defendant Marcaria.com International is a
27 Delaware corporation with a principal place of business at 1001 Brickell Bay Drive, Suite
28 2700, Miami, Florida 33131 and a mailing address of 8345 NW 66 Street, #B1673,

- 3 -

1  Miami, Florida 33175-2269 and is the domain name Registrar of the domain name
2  PUSHPAY.APP.

3        8. Upon information and belief, Defendant Godaddy.com, LLC is a Delaware
4  limited liability company with a principal place of business at 14455 N. Hayden Road
5  #219, Scottsdale, Arizona 85206 and is the domain name Registrar of the domain name
6  ECHURCH.APP.

7        9. Upon information and belief, Defendant Go Montenegro Domains, LLC is
8  an Arizona corporation with a principal place of business at 2338 W. Royal Palm Road,
9  Suite J, Phoenix, Arizona 85021 and is the domain name Registrar of the domain name
10 MYCHURCH.APP.

11       10. Upon information and belief, Defendant PUSHPAY.APP is a .app domain
12 that is restricted to use in the software application development and marketing/advertising
13 space and registered through the Registrar Marcaria.com International.

14       11. Upon information and belief, Defendant ECHURCH.APP is a .app domain
15 that is restricted to use in the software application development and marketing/advertising
16 space and registered through the Registrar Godaddy.com, LLC.

17       12. Upon information and belief, Defendant MYCHURCH.APP is a .app
18 domain that is restricted to use in the software application development and
19 marketing/advertising space and registered through the Registrar Montenegro Domains,
20 LLC.

21       13. Upon information and belief, Defendant Doe 1 is the unknown registrant of
22 the domain name PUSHPAY.APP.  Pushpay is presently unable to locate Defendant Doe
23 1, as the unknown registrant has registered the domain name via a privacy service and
24 through due diligence, Plaintiff has been unable to ascertain Defendant Doe 1's true
25 identity.

26       14. Upon information and belief, Defendant Doe 2 is the unknown registrant of
27 the domain name ECHURCH.APP.  Pushpay is presently unable to locate Defendant Doe
28 2, as the unknown registrant has registered the domain name via a privacy service and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

through due diligence, Plaintiff has been unable to ascertain Defendant Doe 2's true identity.

15. Upon information and belief, Defendant Doe 3 is the unknown registrant of the domain name MYCHURCH.APP. Pushpay is presently unable to locate Defendant Doe 3, as the unknown registrant has registered the domain name via a privacy service and through due diligence, Plaintiff has been unable to ascertain Defendant Doe 3's true identity.

16. The true names and capacities of the Registrant Defendants named herein as Does 1-3, whether individual, corporate, associate or otherwise, are unknown to Pushpay and therefore, submits this Complaint against them by such fictitious names. Pushpay is informed and believes, and thereby alleges, that each of the Registrant Defendants is an actual person or entity involved in the registration, ownership or use of the Disputed Domain Names. Pushpay is informed and believes, and thereby alleges, that each of the Registrant Defendants is legally responsible for the events hereinafter alleged. Pushpay will seek leave to amend this Complaint when the true names and capacities of the Registrant Defendants have been ascertained.

## **FACTUAL BACKGROUND**

### *Pushpay and its PUSHPAY, ECHURCH and MY CHURCH Marks*

17. Pushpay and its related companies, including its sister company Pushpay, Inc., offer financial goods and services. The goods and services include those set forth within its various trademark applications and registrations, some of which are detailed below, and also include those related to a mobile application program designed to run on smart phones and other mobile devices that allows users to quickly and easily make direct, secure mobile payments to registered companies and organizations.

18. Pushpay, Inc. is incorporated under the laws of the State of Washington as of December 30, 2013, with a principal place of business at 18300 Redmond Way, #301, Redmond, Washington 98052.

///

19. Pushpay is the owner of U.S. Registration No. 5,538,065 and U.S. Trademark Application Serial No. 86/256,086 for the mark PUSHPAY, both having an effective filing date of April 18, 2014, and directed to computer software and/or mobile application-related goods and services, among others, in Classes 9, 35, 36 and 42 (hereinafter the "**PUSHPAY Registration**" and "**PUSHPAY Application**", respectively). True and correct copies of the registration certificate for the PUSHPAY Registration and status report of the PUSHPAY Application from the United States Patent and Trademark Office (the "**USPTO**") are attached hereto and incorporated herein by reference as **Exhibit A**.

20. Pushpay has continuously used the PUSHPAY mark in US commerce at least as early as February 2013 for many of the Class 9, 35 and 36 goods and services and at least as early as April 5, 2016 for the Class 42 services. Examples of the manner in which Pushpay uses the PUSHPAY mark as set forth in the PUSHPAY Registration and PUSHPAY Application are depicted in **Exhibit B** attached hereto and incorporated herein by reference.

21. The PUSHPAY Application was published for opposition before the USPTO on September 20, 2016 and on March 13, 2018, the USPTO issued a Notice of Allowance in the application.

22. Pushpay is also the owner of the following other PUSHPAY-related applications and registrations with the USPTO directed to computer software and/or mobile application-related goods and services, among others: U.S. Trademark Registration No. 3,096,435 and U.S. Trademark Application No. 87/067/992 for the mark PUSH TO PAY, U.S. Trademark Registration No. 4,444,457 for the mark JUST PUSH PAY, U.S. Trademark Registration No. 4,448,373 for the mark , and U.S. Trademark Application No. 87/398,945 for the mark PUSH.

23. Pushpay is the owner of U.S. Trademark Registration Nos. 5,197,078 and 5,396,775 for the mark ECHURCH, both having an effective filing date of April 20, 2015

- 6 -

and each a registration date of May 2, 2017 and February 6, 2018, respectively, and directed to computer software and/or mobile application-related goods and services, among others, in Classes 9, 36 and/or 42 (hereinafter the "**ECHURCH Registrations**"). True and correct copies of the registration certificates for the ECHURCH Registrations are attached hereto and incorporated herein by reference as **Exhibit C**.

24. Pushpay has continuously used the ECHURCH mark in US commerce at least as early as October 31, 2013 in connection with the goods and/or services listed in the ECHURCH Registrations. Examples of the manner in which Pushpay uses the ECHURCH mark as set forth in the ECHURCH Registrations are depicted in **Exhibit D** attached hereto and incorporated herein by reference.

25. Pushpay is the owner of U.S. Trademark Application Serial No. 87/689,443 for the mark MY CHURCH, having an effective filing date of November 17, 2017, and directed to computer software and/or mobile application-related goods and services, among others, in Classes 9, 35, 36 and 42 (hereinafter the "**MY CHURCH Application**"). A true and correct copy of the status report of the MY CHURCH Application from the USPTO is attached hereto and incorporated herein by reference as **Exhibit E**.

26. Pushpay has continuously used the MY CHURCH mark in US commerce at least as early as November 14, 2017 in connection with the goods and/or services listed in the MY CHURCH Application. Examples of the manner in which Pushpay uses the MY CHURCH mark as set forth in the MY CHURCH Application are depicted in **Exhibit F** attached hereto and incorporated herein by reference.

27. Among other domain names, Pushpay is the owner and operator of the following domain names: <pushpay.com>, <echurch.com>, and <Pushpay.ca>, among others, that are associated with its websites, pages from which are attached hereto and incorporated by reference in **Exhibit G**.

28. Through Pushpay's use of the PUSHPAY, ECHURCH, MY CHURCH and other related marks, by it and its associated companies and predecessors in interest, and by

virtue of Pushpay's registrations and applications of the foregoing marks in connection with its various goods and services, Pushpay has acquired valuable rights and goodwill in and to such marks.

*Defendants' Infringing and Cybersquatting Actions*

29. Upon information and belief, despite actual and/or constructive notice of Pushpay's rights in and to the PUSHPAY, ECHURCH, MY CHURCH and/or related marks, on or about May 5, 2018, Registrant Defendants obtained registrations for the domain names PUSHPAY.APP, ECHURCH.APP, and MYCHURCH.APP, which fully incorporate and are confusing similar, if not nearly identical, to Pushpay's PUSHPAY, ECHURCH, MY CHURCH and/or other related marks (herein after, "**Disputed Domain Names**").

30. Registrant Defendants registered the Disputed Domain Names using a privacy service and as such, the details of the Registrant Defendants are unavailable to the public and otherwise, unknown by Pushpay. True and correct copies of the WHOIS results for the Disputed Domain Names are attached hereto and incorporated by reference as **Exhibit H**.

31. The Disputed Domain Names are .app domains, which are restricted to use in connection with the software application development and marketing/advertising space.

32. The resulting webpages for the Disputed Domain Names, as of the date of this Complaint, appear to be devoid of any content.

33. Defendant Marcaria.com International is the Registrar of the domain name PUSHPAY.APP and thus has control over the infringing domain name. *See* Exhibit H.

34. Defendant Godaddy.com, LLC is the Registrar of the domain name ECHURCH.APP and thus has control over the infringing domain name. *See* Exhibit H.

35. Defendant Montenegro Domains, LLC is the Registrar of the domain name MYCHURCH.APP and thus has control over the infringing domain name. *See* Exhibit H.

36. On August 2, 2018, counsel for Plaintiff sent letters to each of the Registrar Defendants, by electronic mail and Federal Express mail, advising of Pushpay's rights and

///

the infringing nature of the Disputed Domain Names and requesting the identification of and any and all contact information for the Registrant Defendants.

37. On or about August 2, 2018, counsel for Plaintiff received, upon information and belief, an automated electronic mail response from Defendant Godaddy.com, LLC (Registrar of the domain name ECHURCH.APP) stating that "Any concerns regarding the use of a registered mark in the wording of the domain itself will need to be addressed with the current registrant" and advising that "If you require information beyond that which is provided on the public WHOIS listing for the domain, you'll need to provide GoDaddy with a properly served subpoena." As of the date of this Complaint, Defendant Godaddy.com, LLC has not otherwise provided the identification of or any contact information for the registrant of the domain name ECHURCH.APP. A true and correct copy of the response is attached hereto and incorporated by reference as **Exhibit I**.

38. On or about August 2, 2018, counsel for Plaintiff received, upon information and belief, an automated electronic mail response from Defendant Montenegro Domains, LLC (Registrar of the domain name MYCHURCH.APP) stating that "The trademark that you have provided for is 'applied for', not registered. We are not able to assist you with an applied for mark." As of the date of this Complaint, Defendant Montenegro Domains, LLC has not otherwise provided the identification of or any contact information for the registrant of the domain name MYCHURCH.APP. A true and correct copy of the response is attached hereto and incorporated by reference as **Exhibit J**.

39. Counsel for Plaintiff never received a response to the letter sent to Defendant Marcaria.com International (Registrar of the domain name PUSHPAY.APP); however, the hard copy of the letter sent via Federal Express mail was confirmed delivered to Defendant Marcaria.com International on August 3, 2018. A true and correct copy of the Federal Express delivery receipt is attached hereto and incorporated by reference as **Exhibit K**.

1  ///

2  40.  As exemplified in the previous paragraphs, despite Plaintiff's efforts and
3  due diligence to obtain information on the Registrant Defendants, as of the date of this
4  Complaint, Plaintiff has been unable to identify or locate the individuals and/or entities
5  associated with the Domain Name Defendants and the Registrant Defendants.

6  41.  Defendants' use of the identical and/or confusingly similar PUSHPAY,
7  ECHURCH, MY CHURCH and/or other related marks in connection with the Disputed
8  Domain Names is likely to cause actual confusion in the marketplace as to source, origin,
9  sponsorship and/or affiliation with Pushpay and its distinctive marks.

10  42.  Upon information and belief, the Disputed Domain Names were registered
11  in bad faith, as all three domains were registered by a third party(ies) on the same day
12  incorporating marks that are confusing similar, if not virtually identical, to Pushpay's
13  PUSHPAY, ECHURCH and MY CHURCH marks under a .app domain that is directed to
14  the software application development and marketing/advertising space, which is the same
15  as or associated with Pushpay's business and goods and services.

16  43.  Upon information and belief, Defendants had and continue to have no
17  legitimate reason or good faith basis for registering the Disputed Domain Names and it
18  was Defendants' intent in registering the Disputed Domain Names to profit from the
19  goodwill and value associated with Pushpay's PUSHPAY, ECHURCH, MY CHURCH
20  and other related marks.

## COUNT I

### Cybersquatting Against All Defendants

### (15 U.S.C. § 1125(d))

24  44.  Pushpay specifically incorporates and references the allegations asserted in
25  each of the preceding paragraphs, as if fully set forth herein.

26  45.  Pushpay is the owner of all rights in and to the PUSHPAY, ECHURCH and
27  MY CHURCH marks and other marks related thereto in connection with Pushpay's
28  ///

business and goods and services, which include without limitation computer software and mobile application-related goods and services.

46. Pushpay's PUSHPAY, ECHURCH and MY CHURCH marks have become distinctive.

47. The Disputed Domain Names, namely, PUSHPAY.APP, ECHURCH.APP, and MYCHURCH.APP, are nearly identical and confusingly similar to Pushpay's PUSHPAY, ECHURCH and MY CHURCH marks and/or other related marks.

48. Defendants are misleading the public into falsely believing that the Disputed Domain Names are associated with, sponsored by, and/or authorized by Pushpay, which is not the case.

49. Upon information and belief, Defendants have used and continue to use the Disputed Domain Names in bad faith and for the purposes of profiting from the goodwill and value associated with Pushpay and its marks.

50. Defendants' cybersquatting and other acts alleged herein deprive Pushpay of the benefit of the goodwill attached to the PUSHPAY, ECHURCH and MY CHURCH marks and/or other related marks and injure Pushpay's reputation.

51. As a direct and proximate result of Defendants' cybersquatting and other acts alleged herein, Pushpay has been and continues to be harmed in its business and property, and has sustained and will continue to sustain damage to its business, goodwill, and reputation.

52. Pushpay has no adequate remedy at law. Unless Defendants are preliminary and permanently enjoined from committing these unlawful acts as set forth above, and the Disputed Domain Names are ordered transferred to Pushpay, Pushpay will continue to suffer irreparable harm. Pushpay is thus entitled to injunctive relief against the continued used of the Disputed Domain Names.

53. Pushpay is entitled to the transfer of the Disputed Domain Names under 15 U.S.C. § 1125(d)(1)(C).

///

# COUNT II

**Trademark Infringement Against Domain Name Defendants and the Registrant Defendants**

**(15 U.S.C. § 1114(1))**

54. Pushpay specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

55. Pushpay is the owner of the PUSHPAY Registration and the ECHURCH Registrations and has continuously used the PUSHPAY mark and the ECHURCH mark as a source identifier in connection with its goods and services, particularly in connection with computer software and mobile application-related goods and services, in interstate commerce within the United States and around the world.

56. Without authorization or consent of Domain Name Defendants and Registrant Defendants have registered and used and continue to maintain registration of and use the domain names PUSHPAY.APP and ECHURCH.APP, which fully incorporate Pushpay's PUSHPAY mark or ECHURCH mark.

57. Domain Name Defendants' and Registrant Defendants' use of the PUSHPAY mark and/or ECHURCH mark, as depicted in the PUSHPAY Registration and/or the ECHURCH Registrations, in connection with .app domain names, is likely to cause and has actually caused confusion, mistake, and deception among the general public as to the origin of such domain name, or as to whether Domain Name Defendants and Registrant Defendants are sponsored by, affiliated with, or otherwise connected to Pushpay in violation of 15 U.S.C. § 1114(1).

58. By using the PUSHPAY mark and/or ECHURCH mark without authorization, Domain Name Defendants and Registrant Defendants are depriving Pushpay of its exclusive right to control, and benefit from, the PUSHPAY mark and/or ECHURCH mark. If permitted to continue, Domain Name Defendants' and Registrant Defendants' actions will nullify Pushpay's right to exclusive use of it's the PUSHPAY mark and/or ECHURCH mark, free from infringement, and will have a substantial and

1  adverse effect on Pushpay's existing and projected future interstate business of marketing products and services identified by the PUSHPAY mark and/or ECHURCH mark.

59. Pushpay has been damaged by Domain Name Defendants' and Registrant Defendants' activities and conduct and, unless their conduct is enjoined, Pushpay's goodwill and reputation will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

60. By using the ECHURCH mark, Domain Name Defendants and Registrant Defendants have intentionally and knowingly infringed Pushpay's rights.

61. Domain Name Defendants and Registrant Defendants trademark infringement of the PUSHPAY Registration and PUSHPAY mark and/or the ECHURCH Registrations and ECHURCH mark entitle Pushpay to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

## COUNT III

**Unfair Competition and False Designation of Origin Against Domain Name Defendants and the Registrant Defendants**

**(15 U.S.C. § 1125(a))**

62. Pushpay specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

63. Domain Name Defendants and Registrant Defendants have used and continue to use marks, designations and images that are likely to cause confusion, mistake, and deception among the general public as to the origin of the Disputed Domain Names, or as to whether Domain Name Defendants and Registrant Defendants and/or the Disputed Domain Names are sponsored by, affiliated with, or otherwise connected with Pushpay in violation of 15 U.S.C. § 1125(a).

64. Pushpay has been damaged by Domain Name Defendants' and Registrant Defendants' activities and conduct and, unless its conduct is enjoined, Pushpay's

///

reputation and goodwill will continue to suffer irreparable injury that cannot be adequately calculated or compensated by money damages.

65. By using the PUSHPAY, ECHURCH, MY CHURCH and/or confusingly similar marks or designations to the same, and by using and registering the Disputed Domain Names in connection with such marks, Domain Name Defendants and Registrant Defendants have intentionally and knowingly infringed Pushpay's rights.

66. Domain Name Defendants' and Registrant Defendants' unlawful actions entitle Pushpay to damages in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

## COUNT IV

**Arizona Common Law Trademark Infringement and Unfair Competition Against Domain Name Defendants and the Registrant Defendants**

67. Pushpay specifically hereby incorporates by reference the allegations asserted in the preceding paragraphs as if fully set forth herein.

68. Domain Name Defendants' and Registrant Defendants' use of the PUSHPAY, ECHURCH and MY CHURCH marks and/or other similar designations in connection with the Disputed Domain Names without Pushpay's permission constitutes common law trademark infringement and unfair competition.

69. Domain Name Defendants and Registrant Defendants have infringed the PUSHPAY, ECHURCH and MY CHURCH marks, as alleged herein, with the intent to deceive the public into believing that the Disputed Domain Names are approved of, sponsored by, or affiliated with Pushpay. Domain Name Defendants and Registrant Defendants' acts, as alleged herein, were committed with an intent to deceive and defraud the public.

70. Pushpay has been seriously and irreparably damaged by Domain Name Defendants' and Registrant Defendants' continued use of the STAR CONTROL Mark and/or other similar designations.

///

71. Pushpay possesses no adequate remedy at law to address the damage caused by Domain Name Defendants' and Registrant Defendants' continued use of one or more of the PUSHPAY, ECHURCH and MY CHURCH marks or other similar designations.

72. Domain Name Defendants' and Registrant Defendants' unlawful actions entitle Pushpay to compensatory and other applicable damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Pushpay respectfully requests that this Court:

i. Preliminarily and permanently enjoin Defendants, and all persons acting in concert with them, or purporting to act on their behalf or in active concert or in participation with them, from using Pushpay's trademarks and any confusingly similar designations and require Defendants and the participating persons to discontinue their current infringing practices.

ii. An order requiring permanent transfer of the domain names PUSHPAY.APP, ECHURCH.APP, and MYCHURCH.APP to Pushpay.

iii. Enter judgment in favor of Pushpay on the counts asserted herein and award Pushpay all monetary damages caused by the acts forming the basis of this Complaint, including, without limitation, Defendants' profits and Pushpay's actual and other damages as alleged above.

iv. Award of treble damages to Pushpay pursuant to 15 U.S.C. § 1117(b) due to Domain Name Defendants' and Registrant Defendants' willful, knowing, and intentional infringement of Pushpay's trademarks.

v. Award of statutory damages to Pushpay pursuant to 15 U.S.C. § 1117(c) due to Domain Name Defendants' and Registrant Defendants' counterfeiting of Pushpay trademarks.

vi. Award all damages suffered by Pushpay pursuant to Arizona common law.

///

     vii.    Order Domain Name Defendants and Registrant Defendants to pay Pushpay the cost of this action and Pushpay's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and any other applicable statutes.

     viii.    Award Pushpay such further relief as it deems just, proper and equitable.

## JURY DEMAND

Pushpay hereby demands a trial by jury on all issues so triable, pursuant to Federal Rules of Civil Procedure 38.

DATED this 13th day of September, 2018.

          SNELL & WILMER L.L.P.


By: *s/ Jacob C. Jones*
    Gregory J. Marshall
    Jacob C. Jones
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202

NIXON PEABODY LLP

Robert A. Weikert
rweikert@nixonpeabody.com
Dawn N. Valentine
dvalentine@nixonpeabody.com
One Embarcadero Center
San Francisco, Arizona 94111-3600
Tel: (415) 984-8385
Fax: (866) 294-8842

David L. May
dmay@nixonpeabody.com
Jennette E. Wise
jwiser@nixonpeabody.com
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8220
Fax: (202) 585-8080

Attorneys for Plaintiff Pushpay IP Limited